## John W. Masury & Son v. Westwater & Co.

1. SURETIES—*Not to be Held Liable Beyond the Terms of Their Contracts.*—A surety can not be held liable beyond the terms of his contract. His liability is *strictissimi juris* and is not to be extended by construction or implication.

Assumpsit, upon an order and acceptance. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

BROWN, WHEELER, BROWN & HAY, attorneys for appellant.

McGUIRE & SALZENSTEIN and PATTON, HAMILTON & PATTON, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action of assumpsit by appellant against appellees upon an order and acceptance thereof. The order was drawn by Dan A. Brown upon appellees in favor of appellant for the payment of $600 in thirty days from date and $600 in sixty days, on the completion of the contract on drawer's part, of the farm and orchard building at the State fair grounds, and which was accepted by appellees, subject to the terms and conditions of their contract with Brown. The declaration avers that the terms and conditions of the contract referred to in the acceptance were complied with, and the building mentioned in the order was completed before the beginning of this suit. The general issue was filed to the declaration, a jury waived, the facts stipulated, and the trial by the court ended in the finding and judgment against appellant in bar of its action, to reverse which this appeal is brought.

Brown entered into a contract with appellees for painting the farm and orchard building; and to secure the performance of it, gave bond, with Mahew, Little and Harts as sureties, after which appellant furnished material to Brown to be used in the work of his contract on the faith of the order and acceptance described in the declaration; the $600 in thirty days, according to the terms of the order and acceptance, was paid by appellee, but before the maturity of the remaining $600 Brown became financially embarrassed and unable to complete his contract; the sureties of Brown did complete the contract upon stipulation with appellees that they would pay the laborers, and for the materials, until the amount paid by them should equal the contract price of Brown, less the amount of $1,100, already paid to Brown, including the $600 which had been paid to appellant, that sum then exceeding any amount due to Brown upon his contract; the building was accepted by appellees as completed by the sureties of Brown before the beginning of this suit. Upon these facts the trial court refused to hold

as the law in the decision of the case, the proposition that the completion of the contract by the sureties of Brown was a completion and fulfillment by Brown, within the meaning of the acceptance of the order sued on; but the court did hold the counter proposition requested by appellees, that such completion by the sureties was not a completion and fulfillment of the contract by Brown with appellees, within the meaning of the order sued on, and that there was not at any time after the acceptance of the order, any money due Brown by reason of any performance of the contract, wherewith to pay the order, and that under the facts as stipulated the finding and judgment must be for appellees.

We think the court held the law accurately and made just application of the same to the facts of the case. The plain meaning of the acceptance was that appellees would pay to the extent of Brown's dues under the terms of their contract with him, and he having failed, and his sureties having finished the work, the money was due the latter and not to the former.

The arguments of appellant's counsel, as we understand them, is to the effect that the completion of the contract by Brown's sureties upon the bond to appellees was in effect a completion by Brown, or those in privity with him, and should have the same effect as if completed by his executors, had he died, or by his assignee if he had assigned.

We are unable to give force to this position. The purpose of the obligation entered into by the sureties of Brown and the intention of appellees in requiring it to be given was to indemnify the latter against loss or damage should Brown for any reason fail in the performance of his contract. This contract of indemnity had no relation with the creditors of Brown, nor was it entered into for their benefit, nor were they in any way parties to it, and it can not be imagined the sureties or appellees contemplated any such purpose upon their part; but rather the contrary appears by the stipulation that appellees should pay for labor and materials to the extent due upon Brown's contract; and it nowhere appears such amount was sufficient for such purpose, or that the sureties did not finish the

work at a loss to themselves. They had the option to complete the contract themselves and thus discharge their liability or permit appellees to finish the work according to Brown's contract and pay to them the difference of the reasonable costs of such completion and the contract price. Had they chosen the latter method it would not, we think, be contended that appellees were liable under the terms of their acceptance, and it is unreasonable to suppose that it was ever contemplated by any of the parties that appellees' liability under their conditional acceptance should ever depend on the choice by the sureties of the method by which they would meet their obligation to appellees, imposed by the bond they had entered into with Brown. In truth, it does not appear, and we can not presume its existence as a fact, that appellant knew Brown had given surety for the performance of his contract, and appellant was in no way influenced thereby in acting upon the terms of the order and its acceptance, even if this fact could have had any effect, which we doubt, upon the decision of the case. The sureties of Brown did not complete the contract for Brown, as so earnestly argued by counsel—they did it for themselves, to discharge their undertaking with appellees.

We think the learned judge who heard the case in the trial court gave the proper conclusion from the facts, and correctly applied the law, and the judgment of the Circuit Court will be affirmed.